UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| R. Christine Keener, | ) | CASE NO. 1:07 CV 3907 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James S. Gallas (Doc. 16) recommending that the decision of the Commissioner be affirmed. For the reasons that follow, the Report and Recommendation is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**FACTS**

Plaintiff, R. Christine Keener, filed this action seeking period of disability and disability insurance benefits. Plaintiff is a brittle diabetic with diabetes related neuropathy. In addition, plaintiff suffers from fibromyalgia and hammer-toe. Plaintiff's request for disability benefits

1

was denied initially and on reconsideration. Plaintiff timely requested a hearing, which was held on January 5, 2006.

At the hearing, the Administrative Law Judge ("ALJ") examined plaintiff. During the examination, the ALJ became concerned about whether plaintiff, a nurse, had engaged in substantial, gainful activity. If so, she would not qualify for disability benefits. Specifically, the ALJ said,

> ....[Counsel for plaintiff], here's my problem. I think [plaintiff] is highly credible, but the earnings...come very close to the substantial, gainful activity level.... [W]hat I hate to have happen here is that I do a fully favorable decision and the next thing comes up is somebody saying, [there are] trial period work months here....

(R. 226).

Following this comment, the ALJ and counsel discussed the manner in which the wage information would be obtained. Counsel then briefly questioned the plaintiff. At the conclusion of the hearing, the ALJ commented,

> ....I'm not going to call [the vocational expert] because I think where we are is that the wage and data...information is going to, I think, tailor how the decision is rendered and [I] hope that it won't be such as to maneuver me out of the fully favorable decision that I'm sort of planning on here.

(R. 230).

He further states,

> ...I'll prepare a decision, Ms. Keener, which will explain how I view the evidence. I expect it to be [a] fully favorable decision unless the earnings that you told me about [exceed the maximum level]. [If] it's not going to be fully favorable, I'll have to explain why....

(*Id.*)

In his decision, the ALJ concluded that plaintiff is not disabled. In part, he based his decision on plaintiff's credibility. Even though the ALJ stated on the record that he found

2

plaintiff to be "highly credible," he nonetheless concluded in his decision that plaintiff's testimony as to her symptoms and functional limitations was "not entirely credible."  ( R.15). The ALJ fails to explain this undisputed "about face.[1]"

Plaintiff appealed the unfavorable decision to this Court.  The Magistrate Judge recommends that the decision be affirmed.  Plaintiff objects to the Magistrate Judge's decision. Specifically, plaintiff argues that the ALJ's "about face" prevented a full and fair development of the record.

Upon review, the Court finds that plaintiff's objection must be rejected.  As the Magistrate Judge correctly points out, the ALJ is under no heightened duty to develop the record, as plaintiff was represented by counsel.  A review of the transcript demonstrates that the ALJ conducted a thorough examination of plaintiff and addressed her medical conditions and complaints of pain.  Plaintiff argues that the ALJ's actions, *e.g.*, representing that he found plaintiff "highly credible," misled plaintiff's counsel into believing that he need not engage in a full examination of plaintiff at the hearing.  Thus, the record was not "fully and fairly" developed.  According to plaintiff, had the ALJ not made the statement, counsel would have explored issues "essential to proving" plaintiff's case.  Because of the ALJ's statement, however, counsel did not engage in the inquiry.  Although the Court is disturbed at the ALJ's unexplained "about face," the Court cannot say that the ALJ's actions either prevented plaintiff from presenting testimony or amount to a failure to develop the record.  Prior to counsel's examination of plaintiff, the ALJ  stated, "I think [plaintiff] is highly credible."  At that point, the

---

[1] In its reply to plaintiff's Objections, the government concedes that the ALJ's decision can be fairly characterized as an "about face."

3

ALJ was obviously more concerned with plaintiff's past earnings.  Counsel did have the opportunity to conduct an examination of plaintiff and, in fact, questioned plaintiff for a short period of time.  Notably, the more definitive statements regarding the likelihood of a favorable ruling occurred *after* plaintiff's counsel concluded his examination of plaintiff.  Moreover, it appears that the ALJ adequately questioned plaintiff regarding her diabetes, fibromyalgia and pain.  The Court cannot say that plaintiff was denied a fair hearing or that the ALJ failed to develop the record.  Accordingly, the objection is not well taken.

## **CONCLUSION**

For the foregoing reasons, Report and Recommendation of Magistrate Judge James S. Gallas (Doc. 16) is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan  
       PATRICIA A. GAUGHAN  
       United States District Judge

Dated: 3/23/09